No. 25,184.

THE STATE OF KANSAS, *ex rel.* C. B. GRIFFITH, as Attorney-general, *Plaintiff,* v. MRS. MYRTLE NEWBOLD et al. as the Board of Trustees of the Norton County Community High-school District, *Defendants.*

SYLLABUS BY THE COURT.

COMMUNITY HIGH-SCHOOL DISTRICT—*No Authority to Issue Bonds for Erection of School Building.* Community high-school districts, into which existing county high schools were converted by the statute of 1923, are not "school districts" within the meaning of that term as used in the act giving school districts power to issue bonds for schoolhouses, and have no authority to issue bonds under that statute.

Original proceeding in mandamus. Opinion filed October 17, 1923. Writ denied.

*C. B. Griffith,* attorney-general, and *W. C. Ralston,* assistant attorney-general, for the plaintiff.

*J. B. Larimer,* and *W. Glenn Hamilton,* both of Topeka, for the defendants.

The opinion of the court was delivered by

MASON, J.: This is a proceeding brought by the state on the relation of the attorney-general to require the board of trustees of a community high school in Norton county to call an election upon the proposition of issuing bonds for the erection of a building, the obvious purpose on both sides being to settle the question whether the statute gives the defendants power to do so.

At a time when a number of county high schools were in existence, organized under various general and special acts, a statute was passed containing these provisions:

"That upon the taking effect of this act, all county high schools in the state of Kansas, regardless of acts under which created, shall be disorganized and in their stead shall be created community high schools whose territory shall include all the territory in said counties not included in the territory of other accredited high schools. Such schools so organized and established shall be known and styled 'community high schools.'" (Laws 1923, ch. 187, § 1.)

"That the powers and duties of the community high school in every instance shall be the powers and duties belonging to the county high school which it succeeds, except as hereinafter provided." (Laws 1923, ch. 187, § 2.)

"All bond elections and other special elections shall be held under the same rules and regulations as are now provided for such elections by county high schools." (Laws 1923, ch. 187, § 3.)

The statute does not expressly provide for the issuance of bonds for a community high school and it is not contended that bonds can be issued without statutory authority. The new organizations created by the act of 1923 are therein referred to as community high-school districts and the contention of the plaintiff is that to avoid the harmful consequences of what would otherwise be an omission (presumably inadvertent) in the statute they should be regarded as "school districts" within the meaning of the act reading: "for the purpose of erecting and equipping, or purchasing and equipping, one or more schoolhouses in and for any school district in the state of Kansas, the board of directors of the same shall have power to issue the bonds of the district in an amount not to exceed five per cent of its taxable property." (Laws 1920, special session, ch. 53, § 1.) The language just quoted, except for the addition of the phrase "and equipping" and changes of the percentage in the limitation clause, has been in the statute since 1879 (Laws 1879, ch. 49, § 1) and in substance since 1876 (Laws 1876, ch. 122, art. 13, § 1). In the act last cited, which covered nearly the whole field of school law, district schools and schools in cities of the first and second class were treated in separate articles. The context shows clearly that the expression "any school district in the state of Kansas," as used in the section relating to the issuance of bonds, referred to the ordinary school district into which the county superintendent is required to divide the county, having a director, clerk and treasurer. The use of the same words in the course of an amendment relating to other matters could not extend its application to districts of a different kind from those already covered.

The county high school which in 1923 was converted into the community high-school district here involved was organized under a special act (Laws 1899, ch. 229) providing for such organization in accordance with a general statute. (Laws 1886, ch. 147; Gen. Stat. 1915, §§ 9287-9303.) Neither the special nor the general act authorized the issuance of bonds to erect a building for this county high school and the latter (§ 9) forbade the board of trustees to contract for school buildings in excess of the amount on hand and to be raised by one year's tax. Clearly the Norton county high school was not included in the grant to school districts of power to issue bonds for schoolhouses, and its mere conversion into a community high-school district with restricted boundaries does not in

Court of Industrial Relations v. Packing Co.

our judgment by any permissible liberality of construction enlarge its authority in this respect. If the matter were otherwise doubtful the act changing the name and character of county high schools seems to forbid looking beyond the high-school laws for power to issue bonds by providing that all bond elections shall be held in accordance therewith. Our attention has been called to no provision for the issuance of building bonds by a county high school under the act of 1886 excepting one which is limited in its operation to counties having a population of not more than 8,000, which would exclude Norton county. (Laws 1917, ch. 282, § 6.)

The writ asked is denied.